OPINION OF THE COURT
Joseph P. Kuszynski, J.
The issue posed here is whether the question of a possible disqualification of an attorney representing a Judge in proceedings before the State Commission on Judicial Conduct, should be determined by a Referee designated by the Commission or by a court of law.
Allegations of judicial misconduct have been filed by the State Commission on Judicial Conduct (Commission) against Barbara M. Sims, an Associate Judge of the City Court of Buffalo (Judge). She is represented in these proceedings by an attorney who is her husband, William Sims.
The Judge petitions this court in a CPLR article 78 proceeding for an order in the nature of a prohibition, which would ban any fact-finding hearing before Sheila L. Birnbaum, Esq., designated by the respondent Commission as Referee, to determine the issue of the disqualification of her husband, or anyone from his law firm, from representing her in any further proceedings before the Commission. Petitioner contends that this issue can only be determined *182 in a separate court proceeding, and not by a Referee designated by the Commission.
The Commission sets forth in its moving papers that Mr. Sims will be a witness in the disciplinary proceedings against the petitioner and that he is barred from representing her under the Canons of Ethics. (Code of Professional Responsibility, DR 5-101, 5-102.) It is claimed that Mr. Sims testified on two occasions previously and will be called again as a witness, as some of the misconduct allegations relate to situations in which he was involved.
Among the reasons advanced by the petitioner in support of her application is that the Referee can neither be impartial nor objective by reason of the Referee’s appointment by the Commission. Petitioner sets forth also a defense of laches, specifically that the Commission knew since September, 1979 that her husband was acting in her behalf as counsel.
While it is the right of a person to be represented by counsel of his or her own choice, an attorney can be disqualified from representing a client in a given situation under the Code of Professional Responsibility of the American and New York State Bar Associations.
“DR 5-101. Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment
“(A) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.
“(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
“(1) If the testimony will relate solely to an uncontested matter.
“(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
*183 “(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
“(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.”
“DR 5-102. Withdrawal as Counsel When the Lawyer Becomes a Witness
“(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4).
“(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.”
The People of the State of New York in amending the State Constitution have vested jurisdiction since April 1, 1978, over all matters concerning complaints relating to the conduct of the Judiciary in a duly constituted Commission subject to review by the Court of Appeals. (NY Const, art VI, § 22, subds a, d; Judiciary Law, § 44, subds 7, 9.) This constitutional scheme includes also the authority to determine whether an attorney should be disqualified in appearing for a Judge in the litigation before the Commission.
Respondent Commission submits that the Referee Sheila L. Birnbaum was appointed pursuant to section 7000.6(f) of the Commission’s operating procedures and rules (22 NYCRR 7000.6 [f]) which authorizes a Referee to regulate the course of a hearing, make appropriate rulings and decide all motions not specifically reserved for adjudication by the Commission.
*184 Regarding petitioner’s right to a writ of prohibition, the Court of Appeals in Matter of Nicholson v State Comm. on Judicial Conduct (50 NY2d 597, 606), notes that “[e]ven when the petition presents a ‘substantial claim’ of an absence of jurisdiction or an act in excess of jurisdiction, prohibition may still be deemed inappropriate after consideration of such factors as the ‘gravity of the harm which would be caused by an excess of power’ or ‘whether the excess of power can be adequately corrected on appeal or by other ordinary proceedings at law or in equity.’ *** It must be emphasized that prohibition is not available to correct mere errors of law, procedural or substantive, in litigation *** It is, rather, the means to prevent an arrogation of power in violation of a person’s rights, particularly constitutional rights”.
Here, a determination whether petitioner should be represented by Mr. Sims, who is her husband, and who has previously appeared as a witness in proceedings before the Commission concerning the petitioner is not a matter of constitutional right, but of procedural right. No demonstration is made that petitioner will be prejudiced if it is found that her husband cannot represent her and she is required to retain other counsel. Furthermore, a determination regarding representation of petitioner by her husband is subject to judicial review by the Court of Appeals, in the event of an adverse finding by the Commission in the disciplinary proceedings against her.
Petitioner’s application for a writ of prohibition is dismissed upon the ground the petitioner had failed to demonstrate a valid reason for this court to intervene in the scheduled proceedings before the respondent Referee.
All restraining orders previously issued are vacated.